

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-16-2007

# USA v. Jones

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4288

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Jones" (2007). *2007 Decisions.* Paper 769.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/769

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-4288
_____

UNITED STATES OF AMERICA

v.

LAWRENCE DENNI JONES, JR.,

Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 03-cr-00217-8)
District Judge:  Honorable Alan N. Bloch
_____

Submitted Under Third Circuit LAR 34.1(a)
May 15, 2007

Before:  FISHER, NYGAARD and ROTH, *Circuit Judges*.

(Filed July 16, 2007)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Lawrence Denni Jones appeals from a judgment of conviction and sentence for

conspiracy to distribute more than100 kilograms of marijuana, in violation of 21 U.S.C.

§ 846, and possession with intent to distribute and distribution of 50 kilograms or more

but less than 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c). We have jurisdiction pursuant to 28 U.S.C. § 1291 and, for reasons that follow, we will affirm.

## I.

We write only for the parties, who are familiar with the background of this case, and will therefore forgo a lengthy recitation of the facts. The U.S. Drug Enforcement Agency (DEA) initiated an investigation in the summer of 2003 of a large-scale marijuana distribution network in Pittsburgh with ties to New York, Mexico and Jamaica. In June of 2003, agents obtained authorization to place pen register devices on the telephone of Erik Jackson, alleged to be the driving force behind the conspiracy. Information obtained from the pen register revealed that defendant Jones placed approximately one-hundred calls to Jackson's telephones between June and August of 2003. Jackson, in turn, placed twenty-five calls to two telephone lines used by Jones in the same time period. In late June of 2003, the Government's lead investigator applied for and received permission to wiretap Jackson's cellular telephone.

On August 23, 2003, Jones and Jackson had a coded conversation apparently related to the delivery of 150 pounds of marijuana to a "stash house" in Forest Hills, a suburb of Pittsburgh. Jackson informed Jones that "a friend . . . might come through today or tomorrow." Jones, in turn, told Jackson that "tomorrow would be perfect" and that he would "take half, like five at least." Jones also used the words "regs" and "mids"

2

during the conversation. A courier for Jackson testified that these were code words for regular-grade marijuana and mid-grade marijuana, respectively.

Surveillance was established at the stash house and during the surveillance, a van occupied by three males and a car occupied by a male and a female arrived. The occupants of both vehicles entered the residence and shortly thereafter exited the house, entered the van, and drove away. Officers then stopped and seized the individuals who had made the delivery, arrested the individuals at the residence, and secured the residence and applied for a search warrant. During the ensuing search, agents discovered three large bags of marijuana in the garage weighing a total of 150 pounds.

In order to establish that Jones was engaged in the criminal conspiracy alleged and had possession of marijuana with intent to deliver the same for sale, the Government called numerous witnesses. These witnesses testified that they knew of, had dealt with, and had made actual sales or delivery of marijuana for several years prior to the events which occurred in August 2003. Aside from presenting several character witnesses, Jones did not present any substantive evidence in his defense. He did, however, assert that the references he had made to marijuana during his conversations with Jackson related to ounces as opposed to kilograms of marijuana. The jury's May 19, 2005 verdict, finding Jones guilty on two counts, both of which related to at least fifty kilograms of marijuana, establishes that it did not credit this assertion.

On September 1, 2005, Jones was sentenced to a term of imprisonment for a period of 121 months, to be followed by a five year term of supervised release. Jones filed a timely notice of appeal.

## II.

Jones presents two arguments on appeal, both of which are unpersuasive. First, he argues that the verdict in this case was against the sufficiency of the evidence. Second, he argues that the District Court erred in determining his offense level under the U.S. Sentencing Guidelines. Ordinarily, a challenge to the sufficiency of the Government's evidence requires us to construe the evidence and reasonable inferences to be drawn therefrom in the Government's favor. However, because Jones failed to move for a timely judgment of acquittal, we review sufficiency of the evidence for plain error. *United States v. Gaydos*, 108 F.3d 505, 509 (3d Cir. 1997); *see also* Fed. R. Crim. P. 52(b) ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."). Under plain error review, we view the evidence in the light most favorable to the government and sustain a jury's verdict if "a reasonable jury believing the government's evidence could find beyond a reasonable doubt that the government proved all the elements of the offenses." *United States v. Salmon*, 944 F.2d 1106, 1113 (3d Cir. 1991).

Jones' claim that Government evidence was insufficient to establish that he was a member of a marijuana distribution conspiracy is meritless. In order to establish a conspiracy, the Government must prove: "(1) a shared 'unity of purpose,' (2) an intent to

4

achieve a common goal, and (3) an agreement to work together toward the goal." *United States v. Wexler*, 838 F.2d 88, 90-91 (3d Cir. 1988). "This proof incorporates a demonstration that a defendant has 'knowledge of the illegal objective contemplated by the conspiracy.'" *Id.* at 91. The Government is not required to prove that the defendant knew all of the conspiracy's details, goals or other participants. *See United States v. Theodoropoulos*, 866 F.2d 587, 593 (3d Cir. 1989).

The Government presented testimony to establish that, from 1999 through 2003, as a result of his participation in the marijuana distribution conspiracy, Jones received approximately twenty to eighty pounds of marijuana per week, which he distributed in the Pittsburgh area. The Government also presented evidence to establish that Jones interacted with various members of the conspiracy over those years, including drug couriers and other intermediaries. Jones' recorded conversations further established his knowledge of the conspiracy, its members, an intent to achieve its goals, and an agreement to work together with other co-conspirators toward the goal. The jury's verdict is therefore supported by substantial evidence and we will not reverse it.

Jones next argues that the District Court erred in its calculation of his base offense level under the advisory U.S. Sentencing Guidelines. We review factual findings relevant to calculations of the Guidelines for clear error. *United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007) (en banc). A finding of fact will only be clearly erroneous when, although there may be some evidence to support the finding, "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."

5

*Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985). Jones challenges the District Court's finding that he was responsible for more than 1,000 but less than 3,000 kilograms of marijuana. This finding was based upon the evidence presented at trial. Specifically, the District Court credited testimony given by various members of the conspiracy as to the drug amounts distributed to Jones. The fact that these witnesses were testifying pursuant to plea agreements and expecting sentence reductions does not undermine the District Court's credibility determination. *See United States v. Henley*, 360 F.3d 509, 516 (6th Cir. 2004) ("Testimonial evidence from a coconspirator may be sufficient to determine the amount of drugs for which a defendant should be held accountable, even where the coconspirator has reasons to believe that he may receive a reduced sentence . . . ."). Under these circumstances, we are not left with a definite and firm conviction that a mistake has been made and the District Court's drug quantity determination is therefore not clearly erroneous.

### III.

For the foregoing reasons, we will affirm the judgment of conviction and sentence.